UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Orealius Syron Nelson, | ) C/A No.: 4:11-2891-GRA-TER |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Cliff McElvogue; L.T. Riley, | ) |
| Defendants. | ) |

## PROCEDURAL BACKGROUND

The Plaintiff, Orealius Syron Nelson, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on October 27, 2011, alleging violations of his constitutional rights. At all times relevant to the allegations in the complaint, Plaintiff was housed at the Berkeley County Detention Center ("BCDC"). Plaintiff is currently housed at the Kirkland Reception and Evaluation Center. Defendants filed a motion for summary judgment on March 22, 2012. (Doc. #27). Because Plaintiff is proceeding *pro se*, he was advised on or about March 26, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The Plaintiff filed a response on April 3, 2012. (Doc.#30).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

# DISCUSSION

## ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges he was denied access to medical care while incarcerated at the BCDC. Specifically, Plaintiff alleges that he is allergic to tomatoes and soy but had several allergic reactions and was not provided immediate outside referral to an allergist. Plaintiff also alleges that he had dental problems.

Defendants argue that each time Plaintiff had a complaint regarding an allergic reaction or other medical problem, the jail staff referred him to the contracted medical staff and that neither defendant has had any medical training and had no authority to make any medical decision regarding the care or treatment of any inmate at the BCDC. The Defendants have moved for summary judgment for failure to prosecute asserting Plaintiff has failed to respond to discovery, Defendants are not proper Defendants with regard to state law claims, and Defendants do not make medical decisions.

## STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## ANALYSIS

Defendants submitted the affidavit of Lt. Kris Jacumin who attests that he is the Lieutenant at the detention center and is currently second-in-command qualifying him to give information about the responsibilities of the staff at this detention center. (Affidavit of Jacumin, Doc. #27-23). Detention center staff, including but not limited to Riley and McElvogue, are not permitted to make decisions regarding the medical treatment of inmates. (Id.). Detention center staff are not trained as first responders and do not have any medical training to qualify them to make medical decisions. Id. The BCDC has a contract with an outside physician who provides a medical staff for the facility. Id. Any inmate with a medical issue is referred to one of these physicians and his staff who also

make decisions with regard to treatment and medication, and they are the ones that dispense the medication. Id. When an inmate submits a request form or grievance with regard to his medical care, they are referred to the medical staff for handling. Id. Only the medical staff and specifically the doctor is permitted to make referrals to outside providers and specialists and schedules the appointment. Id. Only after the appointment is scheduled with the outside provider or specialist are detention center staff notified so that they may coordinate the transport of the inmate. Id. The only time the jail staff will make a medical decision is if the inmate is in a life-threatening situation and medical staff is not present on site at the time. Id. In that situation, the only decision that will be made is to contact EMS. Id.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[2] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We

---

[2] It is not clear if Plaintiff was a pretrial detainee at the time of his allegations while housed at the BCDC. Nevertheless, the standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Persons in custody have the protections afforded by the Fourteenth and Eighth Amendments, which include the right to obtain adequate medical care. Martin v. Gentile, 849 F.2d 863, 866 (4th Cir.1988) (explaining that the denial of medical care by state officials can give rise to claims under the Fourteenth Amendment's due process clause); see also City of Revene v. Massachusetts Gen. Hosp., 463 U.S. 239, 246, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) (holding that pretrial detainees have at least the same protections under the Fourteenth Amendment as post-trial detainees have under the Eighth Amendment); Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir.1990) ("[T]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

> therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs of which

5

he was aware at the time, the plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") See also Brooks v. Celeste, F. 3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan, supra, held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109 (3rd Cir. 1990); and Smart v. Villar, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison

6

officials is not discretionary, the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F. 2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. Russell v. Sheffer, 528 F. 2d 318, 319 (4th Cir. 1975).

Any allegations of medical indifference as to Defendants should be dismissed as they are not medical personnel and Plaintiff has not shown that they interfered with Plaintiff's medical care.[3] The

---

[3] Based on the evidence before the court, a medical questionnaire was completed by the jail staff at the time of Plaintiff's booking in which he advised them he was allergic to tomatoes and soy. (Defendants' exhibit A). On June 30, 2011, a special diet sheet was submitted to the kitchen showing that Plaintiff was to receive no tomatoes and no soy products. (Defendants' exhibit B). Plaintiff suffered an allergic reaction on September 11, 2011. Medical staff was consulted and instructed the jail staff to contact EMS which they did. (Exhibit C). Plaintiff was taken to the emergency room, received treatment, and was given a prescription for an Epi-pen. (Defendants' exhibits C and D, doc. 27-5 and 27-6). On November 21, 2011, Plaintiff had another allergic reaction with swelling of the right side of his face for which he was given an injection with the Epi-pen and returned to his cell. (Doc. #27-7).
  Plaintiff filed a grievance on December 11, 2011, requesting to see an outside allergist. Plaintiff was advised the grievance would be referred to medical. (Defendants' exhibit H). On December 29, 2011, Plaintiff filed a second grievance asking to see an outside allergist and concerned his Epi-pen had not been replaced. A response indicated that there was an Epi-pen at the front of the building and that he had been scheduled to see the doctor for a referral to an outside allergist. (Exhibits H and I). Plaintiff received a referral on January 4, 2012, and saw an allergist on January 17, 2012, receiving a prescription showing that he was not to receive tomatoes or soy and prescribing another set of Epi-Pens. (Exhibits J and K). Plaintiff also received allergy testing and tested positive for tomatoes and soy. (Exhibit K).
  Plaintiff submitted a grievance on July 22, 2011, complaining of headaches due to a tooth ache and requested to see the dentist on July 31, 2011. (Exhibits L and Q). On August 6, 2011, and August 14, 2011, Plaintiff submitted a sick call request form regarding mouth pain and a tooth. (Defendants' exhibits M and N). Plaintiff was given a response on August 16, 2011, that a dental referral was made and Sgt. Sanders, the sergeant over inmate transport, had been notified. On August 17, 2011, Lt. Riley and Sgt. Sanders asked the doctor for clearance to proceed with scheduling the dentist appointment and was referred to see a dentist by the facility physician. (Defendants' Exhibit P and R). Plaintiff was taken to the dentist on August 18, 2011.

Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id. Under these principles, the Plaintiff has not alleged sufficient facts stating any claim actionable under § 1983 regarding his medical treatment against Defendants who are non-medical personnel.

### PENDENT JURISDICTION

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### CONCLUSION

The Plaintiff has failed to show that the Defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by the Defendants (document #27) for summary judgment be GRANTED IN ITS ENTIRETY.

---

(Defendants' exhibit S).
     Therefore, even if Plaintiff's allegations are true, he has shown nothing more than a disagreement with the medical treatment provided, not that he was completely denied medical treatment.

8

IT IS FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

                                              Respectfully Submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

October 31, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**