UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Orealius Syron Nelson, | ) | |
| | ) | C/A No.: 4:11-cv-02891-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Cliff McElvogue; Lt. Riley | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on October 31, 2012. Plaintiff Orealius Syron Nelson, an inmate with the South Carolina Department of Corrections (SCDC) proceeding *pro se*, filed this action on October 27, 2011, pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendants moved for summary judgment on March 22, 2012. ECF No. 27. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the Magistrate Judge on March 26, 2012. ECF No. 28. Plaintiff filed a response to Defendants' Motion for Summary Judgment, and Defendants filed a reply to Plaintiff's response. *See* ECF Nos. 133 & 142.

Under established procedure in this judicial district, Magistrate Judge Rogers made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation

Reform Act. Magistrate Judge Rogers recommends that this Court grant Defendants' Motion for Summary Judgment. Plaintiff timely filed objections to the Report and Recommendation on November 26, 2012. ECF No. 45. For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation, but declines to adopt the reasoning stated in the Report and Recommendation.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Defendants have filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Background

Plaintiff alleges that he was denied access to medical care while incarcerated at the Berkeley County Detention Center. Defendants Cliff McElvogue and Lt. Riley are employees of the Berkeley County Detention Center.

Plaintiff contends that he is allergic to tomatoes and soy. While incarcerated, Plaintiff suffered two allergic reactions of unknown etiology—one on September 11, 2011 and the other on November 21, 2011. Plaintiff asserts that he was denied adequate medical care because he was not provided an immediate outside referral to an allergist.

Plaintiff also states that on or about July 22, 2011, he began to complain about headaches and a toothache. He alleges that he was denied adequate medical care because of the amount of time that lapsed before he received a dentist appointment.

Defendants argue that each time Plaintiff had a complaint regarding an allergic reaction or other medical problem, the prison staff referred him to the contracted medical staff and that neither defendant has had any medical training and had no authority to make any medical decision regarding the care or treatment of any inmate at the Berkeley County Detention Center.

## Discussion

Magistrate Judge Rogers recommends granting Defendants' Motion for Summary Judgment. *See* Report and Recommendation, ECF No. 39.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a review of the record, this Court agrees with the Magistrate Judge's recommendation to grant Defendants' summary judgment. However,

the Court does not adopt the Report and Recommendation in its entirety and instead supplies its own analysis of the facts herein.

**I.      Plaintiff's Section 1983 Claim**

Plaintiff claims that Defendants denied him access to medical care while he was incarcerated at the Berkeley County Detention Center, in violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  To prevail on his § 1983 claim, Plaintiff must prove that there was a "violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Claims that prison officials failed to provide adequate medical care sound in the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).[1]  To demonstrate a violation of his Eighth Amendment rights, Plaintiff must prove that prison officials showed "deliberate indifference to [his] serious medical needs." *Id.* at 104.  A prison official exhibits "deliberate indifference" when he or she "knows of and disregards" the risk posed by the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In the case at hand, in an affidavit submitted by Lieutenant Kris Jacumin from the Berkeley County Detention Center, he attests that the prison staff,

---

[1] It is not clear if Plaintiff was a pretrial detainee at the time of his allegations while housed at the Berkeley County Detention Center.  Nevertheless, the standard for reviewing claims of inadequate medical treatment by pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

including but not limited to Defendant Riley and Defendant McElvogue, are not trained as first responders or given any medical training, and therefore are not permitted to make decisions regarding the medical treatment of inmates. Jacumin Aff., ECF No. 27-23. Instead, the prison contracts with an outside physician who provides a medical staff for the facility. *Id.* When an inmate submits a request form or grievance with regard to his medical care, he is referred to the medical staff for handling. *Id.* Only the physician and his staff are allowed to make decisions with regard to treatment and medication for inmates. *Id.* Moreover, the doctor is the only one permitted to make referrals to outside specialists, and he is the one that schedules the appointment. *Id.* Only after an appointment is scheduled with the outside provider or specialist are detention center staff notified so that they may coordinate transport of the inmate. *Id.* In fact, the only time the jail staff may make a medical decision is if the inmate is in a life-threatening situation and medical staff is not present on site at the time, and in that situation, the only decision that will be made is to call EMS. *Id.* Accordingly, both Defendants are classified as non-medical prison personnel of the Berkeley County Detention Center.

To show deliberate indifference on the part of non-medical prison personnel under 42 U.S.C. § 1983, the Fourth Circuit Court of Appeals requires plaintiffs to prove that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the

supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). In his complaint and objections to the Magistrate Judge's Report and Recommendation, Plaintiff attempts to hold Defendants liable under § 1983 for delays in receiving needed medical care.

Delay on the part of prison officials in providing medical treatment to an inmate can rise to the level of an Eighth Amendment violation in some instances. *See Estelle*, 429 U.S. at 104–05 (stating that an inmate's Eighth Amendment rights can be violated "by prison guards . . . intentionally denying or delaying access to medical care"). First, "[d]elay in providing treatment does not violate the eighth amendment . . . unless the gravity of the injury is apparent." *Cokley v. Townley*, No. 90-6826, 1991 WL 13926, at *1 (4th Cir. Feb. 11, 1991) (citing *Cooper v. Dyke*, 814 F.2d 941 (4th Cir. 1987). Second, the delay in treatment must result "in some substantial harm to the patient." *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008). Substantial harm can be proven where the delay in treatment causes further injury to the inmate or where the delay causes unnecessarily prolonged pain and suffering. *See Webb v. Driver*, 313 F. App'x 591, 593 (2008) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1210 n.5 (10th Cir. 2000)).

Specifically, in this case, Plaintiff asserts that Defendants violated his constitutional rights when they allegedly delayed his appointment to see an

allergist after his first allergic reaction, and when they allegedly delayed him from receiving a dental appointment.

*Allergies*

With respect to Plaintiff's assertions against Defendants regarding the delay in seeing an allergist, Plaintiff's claim fails to survive summary judgment.

Plaintiff fails to provide any evidence that Defendants or any other non-medical prison personnel failed to promptly fulfill their limited duties of referring Plaintiff to the contracted medical staff or contacting EMS in emergency situations.  On September 11, 2011, when Plaintiff suffered an allergic reaction, prison officials promptly consulted the medical staff and then called EMS to take Plaintiff to the local emergency room for treatment all within two hours of being notified of Plaintiff's condition.  *See* Incident Report, ECF No. 27-5.  On November 21, 2011, Plaintiff suffered another allergic reaction, and upon complaining to officers, he was given his Epinephrine Injection Pen (Epi-Pen) and was returned to his cell within twenty-five minutes.  *See* Incident Report, ECF No. 27-7.  Moreover, on December 11, 2011, when Plaintiff filed a grievance for a follow-up appointment with an allergist, the prison officials promptly referred the grievance to the medical staff.  *See* Grievance, ECF No. 27-10.  Again on December 29, 2011, when Plaintiff filed another grievance, he was advised that he had been scheduled to see the doctor for a referral to an outside allergist. Inmate Grievance Record, ECF No. 27-11.   On January 4, 2012, Plaintiff received a referral to an allergist and had his appointment on January 17, 2012.

As such, no evidence has been presented that shows Defendants or any other non-medical prison personnel failed to promptly address Plaintiff's medical needs or intentionally caused a delay in Plaintiff receiving medical treatment.

Even examining the length of time between Plaintiff's first allergic reaction on September 11, 2011 and his appointment with the allergist on January 17, 2012, it cannot be said that the gravity of the consequences of Plaintiff not seeing an allergist immediately were apparent. *See Cokley v. Townley*, No. 90-6826, 1991 WL 13926, at *1 (4th Cir. Feb. 11, 1991) (citing *Cooper v. Dyke*, 814 F.2d 941 (4th Cir. 1987). In *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), for example, the Fourth Circuit held that a court's dismissal of a § 1983 claim was inappropriate when prison officials delayed having a prisoner treated for a broken arm for twenty-two hours. In this case, an allergic reaction, like a broken arm, presents an emergency situation, and prison officials promptly called EMS or got Plaintiff immediate medical treatment. *See* Incident Reports, ECF Nos. 27-5 & 27-7. However, seeing an allergist, a doctor with whom people typically have to schedule an appointment, cannot be said to be an emergency situation that a reasonable person would believe requires immediate attention. Thus, the gravity of the consequences of Plaintiff not seeing an allergist immediately could not have been apparent to Defendants or any other non-medical prison personnel.

Finally, Plaintiff is unable to show that the length of time that it took for him to have an appointment with an allergist after his first allergic reaction

resulted in any substantial harm. Plaintiff does not allege that his allergies to tomatoes and soy worsened in any way during this time or that he suffered pain due to not seeing an allergist sooner. Moreover, Plaintiff is unable to show that seeing an allergist sooner would have prevented him from having the second allergic reaction.

Therefore, with respect to him not receiving an immediate appointment with an allergist, Plaintiff fails to provide sufficient facts to show that Defendants were deliberately indifferent to his medical needs.

### *Dental Problems*

With respect to Plaintiff's assertions against Defendants regarding the delay in seeing a dentist, this claim also fails to survive summary judgment.

Plaintiff provides no evidence that Defendants or any other non-medical prison personnel failed to promptly fulfill their limited duties of referring Plaintiff to the contracted medical staff or contacting EMS in emergency situations. On July 22, 2011, Plaintiff submitted an inmate grievance form complaining of severe headaches coming from a toothache. *See* Grievance, ECF No. 27-14. When this form was received by non-medical prison personnel on July 26, 2011, a copy of it was immediately forwarded to the medical staff, and Plaintiff was told that the transfer sergeant had been notified. *Id.* When Plaintiff requested to see a dentist again on July 31, 2011, other non-medical prison personnel instructed Plaintiff to contact the medical staff directly to request a referral from the doctor. *See* Grievance, ECF No. 27-19. At this point, Plaintiff contacted the

medical staff directly via sick call requests on August 6, 2011 and August 14, 2011.  Sick Call Requests, ECF Nos. 27-15 & 27-16.  The medical staff responded on August 16, 2011 that Plaintiff had received a dental referral and that the transfer sergeant had been notified of the referral.  Sick Call Request, ECF No. 27-16.  The next day on August 17, 2011, the transfer sergeant and Defendant Lt. Riley asked for clearance from the doctor to proceed with scheduling the dentist appointment, and the doctor referred the Plaintiff to see a dentist.  *See* Inmate Chronological, ECF No. 27-18.  On August 18, 2011, Plaintiff was taken to the dentist and found to have a wisdom tooth that needed to be removed.  *See* Incident Report, ECF No. 27-21.  Because Plaintiff was self-pay, prison officials attempted to call his wife to try to set up an appointment with an oral surgeon, but she was unable to be contacted at this point.  *Id.*

   At no time during this series of events, did Defendants or other non-medical prison personnel fail to promptly fulfill their limited duties to Plaintiff.  Each time a grievance form was received, the non-medical prison personnel referred Plaintiff's complaint to the medical staff or promptly instructed Plaintiff on what he needed to do.  Plaintiff gives no indication, and the evidence does not indicate that Defendants or other non-medical prison personnel ever intentionally delayed Plaintiff from receiving the dental care.  In fact, as soon as the doctor referred Plaintiff to a dentist, the transfer sergeant and Defendant Lt. Riley proceeded to schedule the appointment for the very next day.  *See* Inmate Chronological, ECF No. 27-18.

Accordingly, because Defendants and other non-medical prison personnel promptly fulfilled their duties to Plaintiff and did not delay him from receiving treatment, Plaintiff fails to allege sufficient facts to show that Defendants were deliberately indifferent to his dental problems.

Therefore, Defendants are entitled to summary judgment on Plaintiff's claims under 42 U.S.C. § 1983.

## II.     State Law Claims

Because the Court grants summary judgment to the Defendants on Plaintiff's § 1983 claim, the Court declines to exercise supplemental jurisdiction over any conceivable claims for relief under any state common law theory raised by Plaintiff's complaint.  *See* 28 U.S.C. § 1367(c) (2006) (declining supplemental jurisdiction if proper when "the district court has dismissed all claims over which it has original jurisdiction).

Having thoroughly reviewed the entire record, Plaintiff's objection, and the applicable law, and having conducted its own analysis, the Court agrees with the Magistrate Judge's conclusion that summary judgment for Defendants is appropriate.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

December 3, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

   Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.